SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Andrew B. Still, Bar No. 312444
astill@swlaw.com
Allison C. Murray, Bar No. 329336
acmurray@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California  92626-7689
Telephone:    714.427.7000
Facsimile:     714.427.7799

*Proposed* Attorneys for Debtors-in-Possession
Flying Star LLC, Sky Creations LLC, Top Brand LLC
and E Star LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FLYING STAR LLC,<br><br>　　　　Debtor-in-Possession | Case No. 2:25-bk-11380-WB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION; DECLARATION OF JOHN NGAN**<br><br>[No hearing or Notice Required pursuant to L.B.R. 1015-1 and 9013-1(q)] |

TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Pursuant to Local Bankruptcy Rule 1015-1(b), Flying Star LLC ("Flying Star"), the debtor and debtor-in-Possession in the above-referenced Chapter 11 bankruptcy case, hereby moves, on an *ex parte* basis, for the entry of an order for joint administration of its Chapter 11 bankruptcy case with the Chapter 11 bankruptcy cases of the following related debtors (collectively, the "Debtors"):

4908-1358-3392

| Debtor | Case No. |
|---|---|
| Flying Star LLC (proposed lead case) | 2:25-bk-11380-WB |
| Sky Creations LLC | 2:25-bk-11384-WB |
| Top Brand LLC | 2:25-bk-11387-WB |
| E Star LLC | 2:25-bk-11388-WB |
| John Ngan | 2:25-bk-11416-WB |

# I.

## STATEMENT OF FACTS

**A.    The Debtors and the Bankruptcy Cases**

On February 24, 2025 ("Petition Date"), Flying Star LLC ("Flying Star"), Sky Creations LLC ("Sky Creations"), Top Brand LLC ("Top Brand") and E Star LLC ("E Star" and collectively, the "Company Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Company Debtors' managing member, John Ngan ("Ngan") filed a personal Chapter 11 petition on the same day. The Company Debtors are operating their business, managing their financial affairs and administering their bankruptcy estates as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Company Debtors are engaged in the business of making and selling various goods and clothing, including hooded sweatshirts and wearable blankets, through online retailers. While there are five separate Debtors, the Company Debtors essentially operate as one integrated business enterprise. Debtor Flying Star is owned 50% by debtor Ngan, with the other 50% being owned by Ngan's non-debtor spouse Serena Ngan ("Serena"). Debtors Sky Creations, Top Brand and E Star are each owned 70% by Ngan, with the other 30% being owned by Serena. Ngan is the managing member of each of the Company Debtors.

In addition to having common ownership, the Debtors have common creditors. In fact, the Debtors' largest creditor is judgment creditor Cozy Comfort LLC ("Cozy Comfort"), which is one of the Company Debtors' competitors. Pre-petition, Cozy Comfort obtained a judgment against Debtors for patent infringement in the case of *Top Brand LLC, et al. v. Cozy Comfort, et*

1  *al.*, in the United States District Court for the District of Arizona, Case No. 2:21-cv-00567-SPL.

2  Debtors have appealed that judgment, which appeal is pending in the United States Court of

3  Appeals for the Federal Circuit, Case No. 24-2191. The arguments on appeal have been fully

4  briefed, by both parties, and oral argument is scheduled to commence on April 9, 2025. The

5  Company Debtors' other creditors overlap as well, with each having substantially the same

6  creditor body consisting of service providers and trade vendors.

## II.

## LEGAL ARGUMENT

Pursuant to Local Bankruptcy Rule 1015-1(b), if "[two] or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of different estates...."

Joint administration of the Debtors' cases is warranted and appropriate under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Company Debtors share common ownership and management. In addition to his non-debtor wife Serena, Debtor Ngan is the owner of each of the other Company Debtors. Accordingly, the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2)(B).

Based on the foregoing, the Debtors believe that the joint administration of their Chapter 11 bankruptcy cases is appropriate. The Debtors believe that jointly administering these cases will avoid duplicative expenses and will ensure that creditors in the cases will receive appropriate notice of all matters. In addition, the Debtors submit that joint administration, including the use of a single caption and docket, combining notices to creditors of the Debtors, and the joint handling of administrative matters will aid in expediting the cases and rendering the process less costly, without prejudice to the substantive rights of any creditor. The Debtors submit that this will also ease the administrative burden on the Court.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4908-1358-3392    - 3 -    MOTION FOR JOINT ADMINISTRATION

1   Authorizing joint administration will also eliminate the need for the Debtors to file
2   identical motions in each of the related cases when seeking relief that is common to all Debtors.
3   This will ease the administrative burden on this Court and reduce the risk of wasting judicial
4   resources. This includes, without limitation, filing further identical motions, declarations, and
5   orders in each of the cases. This would also result in substantial savings to each of the Debtors'
6   estates.

7   Debtors propose that the lowest numbered case of the related cases, *In re Flying Star*,
8   Case No. 2:25-bk-11380-WB be designated the "lead case." To the extent the Court is inclined to
9   grant the relief requested herein, Debtors respectfully request that the following caption be
10  approved:

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Lead Case No. 2:25-bk-11380-WB |
|---|---|
| FLYING STAR LLC, et al. | Chapter 11 |
| Debtors and Debtors-in-Possession. | Jointly Administered With: |
|  | Case Nos.:   2:25-bk-11384-WB |
| Affects: |                    2:25-bk-11387-WB |
|  |                    2:25-bk-11388-WB |
| ☐ All Debtors |                    2:25-bk-11416-WB |
| ☐ Flying Star LLC<br>☐ Sky Creations LLC<br>☐ Top Brand LLC<br>☐ E Star LLC<br>☐ John Shun On Ngan | **CAPTION**<br><br>Hearing Information:<br>Date:<br>Time:<br>Crtrm:<br>Address: |

//

//

//

# III.

# **CONCLUSION**

Based on the foregoing, Debtors respectfully request that the Court enter an order (1) authorizing the joint administration of the Debtors' cases, (2) approving the proposed caption submitted herewith; and (3) granting such other and additional relief as the Court deems just and proper.

Dated: February 26, 2025                                  SNELL & WILMER L.L.P.


By:  */s/ Michael B. Reynolds*
    Michael B. Reynolds
    Andrew B. Still
    Allison C. Murray

*Proposed* Attorneys for Debtors-in-Possession
Flying Star LLC, Sky Creations LLC,
Top Brand LLC and E Star LLC

**DECLARATION OF JOHN NGAN**

I, John Ngan, hereby declare as follows:

1.  I am an adult over the age of 18 years. I have personal knowledge of the matters stated herein and, if called upon as a witness, I could and would testify competently thereto.

2.  I make this declaration in support of the Debtor's Motion for Entry of an Order for Joint Administration ("Motion"), to which this declaration is attached. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3.  I have commenced a personal bankruptcy case under Chapter 11. I am also the managing member of Flying Star LLC ("Flying Star"), Sky Creations LLC ("Sky Creations"), Top Brand LLC ("Top Brand") and E Star LLC ("E Star" and collectively, "Company Debtors"). In my capacity as managing member of the Company Debtors, I have access to the Company Debtors' books and records and am familiar with the organization, operations and financial condition thereof. Any records and documents referred to in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Company Debtors' business at or near the time of occurrence to which they relate, by persons employed by the Company Debtors who had a business duty to accurately and completely take, make and maintain such records and documents. The statements set forth herein are based on my own personal knowledge, as well as my own review and knowledge of the Company Debtors' books and records.

4.  I and the Company Debtors each filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 24, 2025 the ("Petition Date"). The Debtors are operating their business, managing their financial affairs and administering their bankruptcy estates as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.  The Company Debtors are engaged in the business of making and selling various goods and clothing, including hooded sweatshirts and wearable blankets, through online retailers.

6.  I own 50% of Flying Star , and my wife Serena Ngan owns the other 50%. I own 70% of the debtors Sky Creations, Top Brand and E Star, and my wife Serena owns the remaining 30% of each.

7. While Flying Star, Sky Creations, Top Brand and E Star are separate legal entities, the Company Debtors essentially operate as an integrated business enterprise.

8. My and the other Debtors' largest creditor is Cozy Comfort, LLC ("Cozy Comfort"), which is one of Debtors' competitors. Pre-petition, Cozy Comfort obtained a judgment against me and the other Debtors for patent infringement in the case of *Top Brand LLC, et al. v. Cozy Comfort, et al.*, United States District Court for the District of Arizona, Case No. 2:21-cv-00567-SPL. I and the other Debtors have appealed that judgment, which appeal is pending in the United States Court of Appeals for the Federal Circuit, Case No. 24-2191. The arguments on appeal have been fully briefed by both parties, and oral argument is scheduled for April 9, 2025.

9. The Company Debtors' other creditors overlap as well to a large extent, with each having substantially the same creditor body consisting of service providers and trade vendors.

10. The Debtors intend to reorganize and propose a plan of reorganization. I believe that joint administration of my and the Debtors' cases will avoid duplicative expenses and will ensure that creditors in these cases receive all appropriate notices. Utilizing a single docket for administrative matters will result in efficient administration, cost savings, will ease the administrative burdens of multiple cases, and does not prejudice any creditors.

11. I have reviewed the proposed caption submitted in connection with the Motion and request that Flying Star be designated the lead case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of February 2025 at Los Angeles, California.

_____
John Ngan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION; DECLARATION OF JOHN NGAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 26, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael B Reynolds**    mreynolds@swlaw.com, kcollins@swlaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Hatty K Yip**    hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) XXX, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) XXX, 2025, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 26, 2025 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.